## SUPREME COURT.

### CAMPBELL agt. EWALT AND McKAY.

A complaint alleging a criminal offence on information and belief, *without stating any facts*, will give a justice of the peace *jurisdiction* to issue a warrant of arrest, although he grossly errs in exercising that jurisdiction.

Of course an action for false imprisonment in executing the warrant will not lie. (*This is adverse to Wilson agt. Robinson,* 6 *How. Pr. R.* 110).

*Livingston Special Term, February* 1852. *Motion on the part of the plaintiff, upon a bill of exceptions, to set aside a nonsuit and for a new trial.* This was an action for false imprisonment, tried at the Livingston circuit before Justice TAYLOR, at the

September term, 1851. Ewalt made a complaint before McKay, a justice of the peace, against Campbell, on a charge of subornation of perjury, which complaint was upon information and belief only. without setting forth any facts, and upon which McKay isued a warrant, by virtue of which Campbell was arrested. Justice TAYLOR held that the magistrate acted in compliance with the requirements of the statute in issuing the warrant, and it was therefore a protection to the officer, as well as the person at whose instance the warrant was issued, and directed that the plaintiff be nonsuited. The plaintiff now moves on a bill of exceptions to set aside the nonsuit, and for a new trial.

> H. M. BARNARD, *for Plaintiff.*
>
> A. A. HENDEE, *for Defendant McKay.*
>
> J. WILKINSON, *for Defendant Ewalt.*

T. R. STRONG, Justice.—It is very clear that the complaint upon which the warrant was issued and under which the plaintiff was arrested and imprisoned, and for which arrest and imprisonment this action was brought, did not set forth a criminal offence, and that the defendant McKay grossly erred in deciding that it appeared from the examination a criminal offence had been committed, and in causing the plaintiff to be arrested. But the complaint gave him jurisdiction of the case, and he appears to have pursued the course prescribed by statute (2 *R. S.* 706, §2 and 3). He did not err in taking jurisdiction, but his errors were in his decisions in the exercise of his jurisdiction, and consisted in coming to wrong conclusions as to the law upon the facts. It is well settled that he can not be made liable as a wrong doer for the issuing and execution of process under such circumstances. The case of Stewart vs. Hawley (21 *Wend.* 553), is in point. See also the cases therein stated. It follows that the warrant of the justice was valid, and that was a perfect protection to defendant Ewalt (*same authorities*). The motion to set aside the nonsuit is therefore denied.